UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

ANTHONY MONDREZ THOMPSON, )
    Plaintiff, )
)
v. )
)    C.A. No. 20-185-JJM-LDA
GARRETT S. HASSETT; JEFFREY )
KONIECZNY; AND MICHAEL )
DUGAN, *in their official and* )
*individual capacities*, )
    Defendants. )

**ORDER**

Plaintiff Anthony Mondrez Thompson filed this suit against Defendants Garrett S. Hassett, Jeffrey Konieczny, and Michael Dugan, alleging they used excessive force against him during and after his arrest. The Defendants have filed five motions ripe for decision. They are: Motion to Dismiss for Failure to State a Claim filed by Defendants Garrett S. Hassett, Jeffrey Konieczny in their official capacities (ECF No. 22); Motion to Dismiss for Failure to State a Claim filed by these same two Defendants but in their individual capacities (ECF No. 29); Motion for Judgment on the Pleadings filed by Defendant Michael Dugan (ECF No. 41); and Motions to Clarify and for a Hearing filed by Plaintiff Anthony Mondrez Thompson (ECF Nos. 44, 47).

Before getting into the specifics of the motions, the Court will clarify a few issues relating to pleading and service that it believes arise mainly because Mr. Thompson represents himself.

Invoking the case of *Bivens v. v. Six Unknown Named Agents*, Mr. Thompson's Amended Complaint (ECF No. 18) asserts a claim for constitutional violations by state and municipal officials. 403 U.S. 388 (1971). *Bivens* actions may only be filed against federal officers, not against the state and municipal agents that Mr. Thompson sued in this case. *Id.* But he filed this lawsuit pro se, and such a document is "to be liberally construed." The United States Supreme Court has held that "a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers and can only be dismissed for failure to state a claim if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976) (internal citations and quotations omitted); *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Therefore, in light of Mr. Thompson's pro se status, even though his complaint alleges a claim based on the *Bivens* case, this Court will construe it as a claim under 42 U.S.C. § 1983 because that is what he alleges, i.e., that Defendants, acting under the color of state law, violated his constitutional rights under the Fourteenth Amendment, by using excessive force during and after his arrest.

Regarding service, Mr. Thompson sued the Defendants and served them in both their individual and official capacities. While Officers Hassett and Konieczny claim in their first Motion to Dismiss that Mr. Thompson only served them in their official capacities (ECF No. 22-1 at 2), the docket contains a later filed Notice of Acceptance of service by Officers Hassett and Konieczny in their individual

capacities. ECF No. 27. So, the Court is treating all parties as properly served in both their official and individual capacities.

Now, on to the motions . . ..

### 1. Defendants Garrett S. Hassett and Jeffrey Konieczny's Motions to Dismiss

Officers Hassett and Konieczny move to dismiss on two grounds. First, the Officers claim that this case is barred by claim preclusion because the Court dismissed Mr. Thompson's other action against these Defendants, *Thompson v. Hassett*, 18-cv-669-JJM-LDA. While it arose out of the same incident, that case turned on the search and seizure police conducted of his automobile. *See id.*, ECF No. 75 at 1 ("The alleged Fifth Amendment violations that Mr. Thompson raised in his Fourth Amended Complaint all relate to the propriety of his June 22, 2017 detention, including the traffic stop, search, and seizure."). And the Court dismissed the Amended Complaint in that case because it denied Mr. Thompson's motion to suppress in his criminal case, in effect adjudicating the search and seizure issues. *See United States v. Thompson*, 17-cr-00064-JJM-LDA-1, ECF No. 43.

In this case, however, Mr. Thompson's Amended Complaint alleges that during and after the traffic stop, he "was brutally beaten [with a blunt object to the back] and/or attacked by Defendants with negligence and reckless behavior." ECF No. 18 ¶¶ 11-12. The Amended Complaint alleging state actors using constitutionally prohibited excessive force is therefore not subject to claim preclusion.

Second, Officers Hassett and Konieczny seek dismissal of all claims against them in their official capacity. ECF No. 22. Because the Court has determined in

3

liberally construing Mr. Thompson's Amended Complaint that he seeks damages under section 1983, his action against these Defendants is in their individual capacities only. The Court DENIES Defendant's Motion to Dismiss Defendants Hassett and Konieczny in their individual capacity (ECF No. 29) but does grant the Motion to Dismiss as to the suit in their official capacity as that designation is not proper under section 1983. ECF No. 22.

### 2. Defendant Michael Dugan's Motion for Judgment on the Pleadings

Defendant Michael Dugan, a West Greenwich police officer moves to dismiss the Amended Complaint against him because Mr. Thompson did not name him as a defendant within the three-year statute of limitations. ECF No. 41.

The police brutality and excessive force alleged in Mr. Thompson's Amended Complaint took place on June 22, 2017. Mr. Thompson filed his original complaint on April 22, 2020. The original complaint only named Officers Hassett and Konieczny as defendants. Mr. Thompson filed his Amended Complaint, naming Officer Dugan as a defendant for the first time, on October 1, 2020. The three-year statute of limitation had expired three months earlier.

Mr. Thompson could argue that his amendment relates back to the date of the original filing of the complaint, and therefore adding Officer Dugan as a defendant was timely. But the factors required for the Amended Complaint to relate back do not apply here because Officer Dugan did not have actual or constructive notice of the

4

original action. *Ayala Serrano v. Gonzalez*, 909 F.2d 8, 12 (1st Cir. 1990).[1] Mr. Thompson's Amended Complaint against Officer Dugan was not filed in time. The Court GRANTS Defendant Michael Dugan's Motion for Judgment on the Pleadings. ECF No. 41.

## CONCLUSION

In summary, the Court has allowed Mr. Thompson's complaint seeking damages under 42 U.S.C. § 1983 for alleged police brutality and excessive force to continue against the two Rhode Island State Troopers Garrett S. Hassett and Jeffrey Konieczny in their individual capacities. The Court dismisses Defendant Michael Dugan from this case because Mr. Thompson did not name Officer Dugan within the three-year statute of limitations.

The Court will enter a scheduling order to allow the parties to conduct discovery.

1. ECF No. 22: The Court GRANTS the Motion to Dismiss Defendants Garrett S. Hassett and Jeffrey Konieczny in their official capacities (only), but denies their request for final judgment under Rule 54(b);

2. ECF No. 29: The Court DENIES the Motion to Dismiss Defendants Garrett S. Hassett and Jeffrey Konieczny in their individual capacities;

---

[1] Officer Dugan asks this Court to enter final judgment under Fed. R. Civ. P. 54(b). ECF No. 41-1 at 7-8. The Court believes that the claims and parties are intimately interwoven and so a finding of no just reason or delay here at this time would cause piecemeal appeals that would not be in the best interest of judicial efficiency; therefore, the Court DENIES the motion for entry of final judgment under Rule 54(b).

3. ECF No. 41: The Court GRANTS Defendant Michael Dugan's Motion for Judgment on the Pleadings, but denies his request for final judgment under Rule 54(b); and

4. ECF No. 44 and 47: The Court DENIES both motions as moot.

IT IS SO ORDERED.

John J. McConnell, Jr.
Chief Judge
United States District Court

January 15, 2021